# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIANNA THOMPSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-21-733-STE |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant's Amended Motion to Dismiss. (ECF No. 35). For the reasons explained below, the Court **GRANTS** Defendant's Motion.

## I.   PLAINTIFF'S COMPLAINT

On April 11, 2022, Plaintiff Julianna Thompson filed a "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision." (ECF No. 10). In the Complaint, Ms. Thompson indicated that she was seeking review of a decision from the Commissioner of the Social Security Administration regarding "Widow's Benefits." (ECF No. 10:2). According to Plaintiff, the basis for her lawsuit was that she "already had a claim in [her] Husband['s] Name." (ECF No. 10:3).

## II.   DEFENDANT'S MOTION TO DISMISS

Citing Federal Rule of Civil Procedure 12(b)(1), Defendant has filed a Motion to Dismiss, alleging a lack of jurisdiction in this Court based on the lack of a "final decision" from the Commissioner. (ECF No. 35). Challenges to subject matter jurisdiction may take

two different forms—a facial attack or a factual attack—which implicate different analytical frameworks. First, in a facial challenge, the focus is on the sufficiency of the allegations in the complaint. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). In resolving a facial challenge, "the district court must accept the allegations in the complaint as true." *Id.* Second, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter depends." *Id.*

In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (citation and quotations omitted). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing said jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

Relevant here, if the resolution of the jurisdictional question is "intertwined" with the merits of the case, the court must convert the Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or Rule 56 summary judgment motion. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). In turn, "[t]he jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the

same statute which provides the substantive claim in the case." *Id.*; *see also Paper, Allied-Indus., Chem. And Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). Here, Ms. Thompson alleges that she is entitled to "Widow's Benefits" pursuant to 42 U.S.C. §§ 402(e); 423(d)(2)(B). *See* ECF No. 10. Defendant's Motion to Dismiss is based on an alleged lack of jurisdiction in this Court, owing to the absence of a "final decision" from the Commissioner, a prerequisite to filing a lawsuit in federal court. *See* ECF No. 35; *see also* 20 C.F.R. § 404.900(a). Thus, the Court concludes that the jurisdictional question is not "intertwined" with the merits of the case so that conversion of the motion is required.

### III. DISMISSAL OF THE CASE

An aggrieved claimant for social security benefits may appeal to the federal district court "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). Thus, "a 'final decision' is a statutorily specified jurisdictional prerequisite" to a right of appeal to the district court. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). What constitutes a "final decision" is left to the Commissioner to determine pursuant to regulation. *Id.* "The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as [she] deems serve [her] own interests in effective and efficient administration." *Id.* The regulations provide that a "final decision" reviewable by a federal district court results only after the claimant has proceeded through each of four steps of a disability determination: initial determination,

reconsideration, hearing before an administrative law judge, and Appeal Council review. 20 C.F.R. § 404.900(a).

Here, Defendant has submitted a declaration from Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration, who states:

> I am responsible for the processing of claims under Title II of the Social Security Act, as amended, whenever a civil action has been filed in the State of Oklahoma. Electronic records maintained by the Social Security Administration relating to the claim of the plaintiff, JULIANNA THOMPSON, under Title II of the Social Security Act, have been examined under my supervision. The Appeals Review Processing System (ARPS) maintained by the Office of Appellate Operations tracks all closed and pending requests for review of a decision or dismissal by an Administrative Law Judge. Electronic records and ARPS reveal the following:
>
> > (a) As of the date of this declaration, the plaintiff has not had a hearing before an Administrative Law Judge, and an Administrative Law Judge has not issued a decision or dismissal relating to the plaintiff under Title II of the Social Security Act. In addition, there has been no request for review submitted to the Appeals Council.
> >
> > (b) On April 11, 2022, the plaintiff filed an Amended Complaint in the United States District Court for the Western District of Oklahoma.

(ECF No. 35-1:2-3).

In an Order to Ms. Thompson to respond to Defendant's Amended Motion to Dismiss, the Court directed Plaintiff to specifically answer defendant's argument regarding a lack of final decision from the Commissioner. *See* ECF No. 36. Instead, however, Plaintiff stated only that she refused to "Dimiss [sic] this motion[.]" (ECF No. 37). Obviously, Ms. Thompson is arguing against the dismissal of her complaint, but she has failed to address

4

Defendant's specific argument regarding the apparent lack of a final decision from the Commissioner, which is required prior to her filing a federal lawsuit seeking Widow's Benefits. *See supra*.

Based on Defendant's evidence regarding a lack of final decision from the Commissioner, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 35) and **DISMISSES** Plaintiff's Amended Complaint. **(ECF No. 10)**.

ENTERED on December 6, 2022.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE